# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Marie Von Dohlen, (in her individual capacity as sole beneficiary),<br><br>        Plaintiff,<br><br>  v.<br><br>MetLife Services and Solutions, LLC<br><br>        Defendant. | Civil Action No. 2:25-cv-07811-RMG<br><br>**NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that the above-styled matter, originally filed in the Court of Common Pleas for Charleston County, South Carolina as Case No. 2025-CP-10-03049 has been removed to the United States District Court for the District of South Carolina, Charleston Division, on the following grounds.

1. Defendant, MetLife Services and Solutions, LLC (correctly identified as Metropolitan Life Insurance Company and hereinafter "MetLife" or "Defendant") was served with Plaintiff's Complaint on June 20, 2025, within 30 days of the filing of this Notice of Removal.

2. At the time the Complaint was served and on the date of removal, according to the Complaint, Plaintiff was and is a citizen and resident of Charleston County, South Carolina.

3. At the time the Complaint was served and on the date of removal, Defendant was and is a legal entity formed under the laws of the state of New York with its principal place of business in New York, New York. Accordingly, at the time the Complaint was served and on the date of removal, Plaintiff and Defendant were citizens and residents of different states.

4. At the time the Complaint was served and on the date of removal, the Complaint seeks actual damages, punitive damages, and attorneys' fees which would exceed $75,000.00,

exclusive of interest and costs. Because this action is of a civil nature and involves a controversy wholly between citizens of different states and the amount in dispute exceeds the sum of $75,000.00, exclusive of interest and costs, this lawsuit is one over which the United States District Court for the District of South Carolina had at the time the Complaint was filed, and has on the date of removal, jurisdiction under 28 U.S.C. §1332.

5. Additionally, the Complaint presents a federal question giving this Court jurisdiction.

6. Plaintiff's Complaint asserts causes of action for Breach of Contract and Breach of Implied Warranty of Good Faith both causes seeking life insurance benefits governed by the Federal Employees' Group Life Insurance Act ("FEGLIA"), 5 U.S.C. § 8701, *et seq.,* and 5 C.F.R. Part 870.

7. At the time the Complaint was served and on the date of removal, Defendant MetLife administered the Federal Employees' Group Life Insurance ("FEGLI") Program which is a life insurance program for civilian employees, retirees and compensationers of agencies of the United States of America which is governed by federal statutes and regulations. 5 U.S.C. §§ 8701-8716 and 5 CFR Parts 870-874. The payment of FEGLI benefits is governed by FEGLIA, 5 U.S.C. § 8701 *et seq.,* the contract entered into and the regulations promulgated thereunder by the United States Office of Personnel Management ("OPM"), and the OPM FEGLI Handbook. *See e.g.*, 5 CFR Part 870; *FEGLI Handbook*, United States Office of Personnel Management (June 2019).

8. The Office of Federal Employees' Group Life Insurance ("OFEGLI") is an administrative unit of MetLife, responsible administering the claims process of the FEGLI program under a contract that OPM entered into pursuant to its authority under 5 U.S.C. § 8709. FEGLI claims are funded through the Employees' Life Insurance Fund, 5 U.S.C. § 8714, held at

the United States Treasury, with amounts paid to the Fund under 5 U.S.C. §§ 8707 and 8708. Payment is limited to FEGLI benefits and related interest. OFEGLI is required to adjudicate claims for benefits pursuant to FEGLIA and the regulations promulgated by OPM. MetLife was and is a corporation organized and existing under New York Law with its principal place of business in New York, New York. MetLife is informed and believes that this case is removable to federal court pursuant to 28 U.S.C. § 1441(b).

9. Plaintiff's claims are preempted by the federal statute.

10. Since the United States District Court for the District of South Carolina has original jurisdiction over this case under 5 U.S.C. §§ 8701, *et seq* and 8715, MetLife is informed and believes that this action may be removed to Federal Court pursuant to 28 U.S.C. §§ 1441(a) and (b). Since the United States District Court for the District of South Carolina has original jurisdiction over this case under 28 U.S.C. §1332(a), Defendant is informed and believes that this action may be removed to federal court pursuant to 28 U.S.C. §1441.

11. Defendant has complied with all statutory requirements for removal.

12. Pursuant to 28 U.S.C. §1446(a), a copy of the Summons and Complaint filed in the Charleston County Court of Common Pleas in this case is attached hereto as Exhibit 1.

*s/ J. D. Quattlebaum*
J. D. Quattlebaum, Fed. ID No. 5252
dquattlebaum@hsblawfirm.com
Jonathan D. Klett, Fed ID No. 12858
jklett@hsblawfirm.com
HAYNSWORTH SINKLER BOYD, PA
ONE North Main, 2nd Floor (29601)
PO Box 2048
Greenville, SC 29602-2048
864-240-3200
*Attorneys for Defendant*

Dated: July 18, 2025
Greenville, South Carolina