ELECTRONICALLY FILED - 2025 May 23 4:03 PM - CHARLESTON - COMMON PLEAS - CASE#2025CP1003049

| | |
|---|---|
| **SOUTH CAROLINA** ) | **IN THE COURT OF COMMON PLEAS** |
| ) | |
| **COUNTY OF CHARLESTON** ) | **DOCKET NO. 2025-CP-_____** |
| ) | |
| MARIE VON DOHLEN, (in her individual ) capacity as sole beneficiary), ) | |
| ) | |
| Plaintiff, ) | |
| ) | **SUMMONS** |
| v. ) | **(Jury Trial Requested)** |
| ) | |
| METLIFE SERVICES AND SOLUTIONS ) LLC, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**TO THE ABOVE-NAMED DEFENDANT:**

YOU ARE HEREBY SUMMONED and required to answer Plaintiff's Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to this Complaint upon the subscriber, Berly Rouse, LLC at 311 Johnnie Dodds Boulevard, Suite 171, Mount Pleasant, South Carolina 29464, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the Complaint within the time aforesaid, or fail to otherwise appear and defend, the Plaintiff will apply to the Court for the relief demanded in the Complaint and judgment by default will be rendered against you.

Respectfully submitted,

/s/ Joel A. Berly IV
Joel A. Berly IV, Esq. (SC Bar No. 103517)
**BERLY ROUSE LLC**
311 Jonnie Dodds Blvd., Ste 171
Mt. Pleasant, SC. 29464
T: (843) 969-2887
E: jab@berlyrouse.com

ELECTRONICALLY FILED - 2025 May 23 4:03 PM - CHARLESTON - COMMON PLEAS - CASE#2025CP1003049

| | |
|---|---|
| SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF CHARLESTON ) | DOCKET NO. 2025-CP-_____ |
| ) | |
| MARIE VON DOHLEN, (in her individual ) capacity as sole beneficiary), ) | |
| ) | |
| Plaintiff, ) | |
| ) | COMPLAINT |
| v. ) | (Jury Trial Requested) |
| ) | |
| METLIFE SERVICES AND SOLUTIONS ) LLC, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

COMES NOW the Plaintiff, Marie Von Dohlen ("Ms. Dohlen" or "Plaintiff"), complaining of Defendant MetLife Services and Solutions ("MetLife" or "Defendant") (collectively with Plaintiff, the "Parties"), and for its causes of action states as follows:

### PARTIES, JURISDICTION, AND VENUE

1.  Plaintiff is an individual domiciled in the state of South Carolina, with her principal residence being in Charleston County, South Carolina. At all times relevant to the matters alleged herein, Plaintiff was residing in Charleston County, South Carolina.

2.  Upon information and belief, Defendant MetLife is a company organized as an LLC, with its principal place of business at 200 Park Avenue, New York, New York.

3.  The policy in question is a contract between Mr. Jerry J. Von Dohlen and Defendant MetLife, executed while Mr. Von Dohlen was domiciled in Charleston County, South Carolina.

4.  A substantial part of the relevant acts or omissions by the Defendant which give rise to the causes of action asserted herein occurred in Charleston County, South Carolina.

5. This Court has subject matter jurisdiction over this action and has personal jurisdiction over the parties to this action.

6. Venue in Charleston County is proper pursuant to S.C. Code Ann. §§ 15-7-70, et seq., because the Defendant is an insurance company, does business in South Carolina, and the alleged loss suffered by Plaintiff occurred in Charleston County, South Carolina.

## FACTS

7. On or about April 26, 1988, Mr. Jerry J. Von Dohlen purchased a life insurance policy from Defendant MetLife. This life insurance policy will hereinafter will be referred to as "the policy", and it incorporates payments made by Mr. Von Dohlen to MetLife for the purposes of coverage by the policy, any amendments made thereto, and any other materials which are relevant to the details of the coverage Mr. Von Dohlen had.

8. The policy provided Mrs. Marie Von Dohlen would be the sole beneficiary of the policy in the event that Mr. Von Dohlen passed away while still covered by the policy.

9. Mr. Von Dohlen paid the premiums required by the policy from the year 1988, through the year 2014.

10. On or about February 28, 2014, Defendant MetLife notified Mr. Von Dohlen that his monthly premiums would increase if he wanted to keep his policy coverage, or else the premiums would remain constant, with a reduction in the policy coverage coinciding with every year until Mr. Von Dohlen passed away.

11. Upon information and belief, Mr. Von Dohlen increased the monthly premium payments according to Defendant MetLife's notice, in order to maintain the coverage of the original policy of 1988.

12. Mr. Von Dohlen passed away December 28, 2020.

ELECTRONICALLY FILED - 2025 May 23 4:03 PM - CHARLESTON - COMMON PLEAS - CASE#2025CP1003049

ELECTRONICALLY FILED - 2025 May 23 4:03 PM - CHARLESTON - COMMON PLEAS - CASE#2025CP1003049

13. Mrs. Von Dohlen, the Plaintiff and sole beneficiary of the policy, submitted claim numbered #20210204248 to Defendant MetLife for payout of the policy.

14. Defendant MetLife waited months to respond to Ms. Von Dohlen's claim, with no explanations or communications about why the processing was taking so long.

15. On or about June 11, 2021, Defendant MetLife paid the Plaintiff $92,500, with an additional interest payment of $209.09, for a combined total of $92,709.09.

16. Despite Mr. Von Dohlen's action to maintain his original policy coverage, at the time of his passing, Defendant MetLife refused to honor the policy.

17. Plaintiff attempted to contact Defendant multiple times in the months and years following the faulty payout to virtually no response.

18. When Defendant did communicate, it stated to Plaintiff that the claim was being reviewed, and that a decision was forthcoming.

19. This continued throughout the years 2021 through 2024.

20. When finally given a response, Plaintiff received no explanation for the reduced payment, and no further communications happened until Ms. Von Dohlen sought counsel.

21. Still, Defendant MetLife's responses to clarification on the reason for the drastically reduced payment amount are no forthcoming, and Plaintiff still has received no clarification regarding why the payout was reduced.

22. Ms. Von Dohlen brings this action after the statute of limitations for such claims has run, but pursuant to the doctrine of equitable estoppel, Defendant MetLife is estopped from raising the limitations defense, as it made assurance to the Plaintiff about the pendency of processing of the claim, and caused her to rely on those statements, resulting in a lapse of the statute of limitations.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

23. Plaintiff incorporates each and every allegation contained in the preceding paragraphs as if restated verbatim herein.

24. The life insurance policy between Defendant MetLife and the policy holder, Mr. Von Dohlen, is a valid and enforceable contract.

25. As the sole beneficiary of the valid and enforceable life insurance policy, Ms. Von Dohlen was entitled to the payout agreed to in the contract by the parties, and the Defendants breached that contract when they:

   a. Failed to make the proper payout according to the life insurance policy; and

   b. In such other and further ways as may be proven at trial.

26. As a result of Defendant's breaches of the life insurance contract, Plaintiff has been injured and seeks damages in an amount to be proven at trial.

## SECOND CAUSE OF ACTION
### (Breach of the Implied Warranty of Good Faith)

27. Plaintiff incorporates each and every allegation contained in the preceding paragraphs as if restated verbatim herein.

28. Plaintiff was entitled to the insurance payout under the policy executed between the parties but was given a drastically diminished payout with no explanation for the reason for reduction.

29. The insurer is under an implied obligation to satisfy claims in good faith, and a failure to do so results in a breach of a well-established implied warranty between insurers and the insured.

30. The Defendant broke this implied warranty in the following ways:

ELECTRONICALLY FILED - 2025 May 23 4:03 PM - CHARLESTON - COMMON PLEAS - CASE#2025CP1003049

ELECTRONICALLY FILED - 2025 May 23 4:03 PM - CHARLESTON - COMMON PLEAS - CASE#2025CP1003049

    a. When Defendant failed to satisfy the claim submitted by Ms. Von Dohlen; and

    b. When they failed to provide a reasonable explanation for reducing the claim; amd

    c. When they failed to undertake reasonable steps to investigate the claim submitted by Ms. Von Dohlen; and

    d. In such other and further was as may be proven at trial.

31. As a result of the Defendant's breach of the implied warranty of good faith, the Plaintiff has been injured and seeks damages in an amount to be proven at trial.

Respectfully submitted,

/s/ *Joel A. Berly IV*
Joel A. Berly IV, Esq. (SC Bar. No. 103517)
BERLY ROUSE LLC
311 Johnnie Dodds Blvd., Ste. 171
Mt. Pleasant, SC 29464
T: (843) 969-2887
E: jab@berlyrouse.com

May 23, 2025
Charleston, SC