# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Marie Von Dohlen, (in her individual capacity as sole beneficiary),<br><br>    Plaintiff,<br>v.<br><br>MetLife Services and Solutions, LLC,<br><br>    Defendant. | Case No. 2:25-cv-7811-RMG<br><br>**ORDER AND OPINION** |

 Before the Court is Defendant's motion to dismiss (Dkt. No. 6). For the reasons stated below, the Court grants Defendant's motion.

## Background

All facts are drawn from the allegations in Plaintiff's complaint.

Plaintiff's late husband purchased a life insurance policy from Defendant. Around February 28, 2014, Defendant notified Plaintiff's husband that his monthly premiums would increase if he wanted to keep his policy coverage. Plaintiff's husband paid these increased premiums.

Plaintiff's husband died on December 28, 2020, and Plaintiff submitted her life insurance claim to Defendant. On June 11, 2021, Defendant paid Plaintiff $92,709.09. Plaintiff, however, believed that Defendant had underpaid her. As relevant here:

> 17. Plaintiff attempted to contact Defendant multiple times in the months and years following the faulty payout to virtually no response.
>
> 18. When Defendant did communicate, it stated to Plaintiff that the claim was being reviewed, and that a decision was forthcoming.
>
> 19. This continued throughout the years 2021 through 2024.

20. When finally given a response, Plaintiff received no explanation for the reduced payment, and no further communications happened until Ms. Von Dohlen sought counsel.

(Dkt. No. 1-1 at 3–4).

On May 23, 2025, in South Carolina state court, Plaintiff sued Defendant for (1) breach of contract and (2) breach of the implied warranty of good faith. In her complaint, Plaintiff admits she brought "this action after the statute of limitations for such claims has run." Nevertheless, Plaintiff alleges that Defendant cannot "rais[e] the limitations defense" due to "the doctrine of equitable estoppel." (*Id.* at 4).

Defendant removed this action to federal court and now moves to dismiss the complaint. (Dkt. Nos. 6, 8). Plaintiff opposes the motion. (Dkt. No. 7).

Defendant's motion is ripe for disposition.

**Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint. *See Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 1980). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the

2

complaint must show more than a "sheer possibility that a Defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Id.*

**Discussion**

Defendant puts forth various arguments for why the Court should dismiss Plaintiff's complaint. The Court focuses on whether Plaintiff has adequately alleged that equitable estoppel applies.

The doctrine of equitable estoppel provides that "[a] defendant may be estopped from claiming the statute of limitations as a defense if delay in bringing the action was induced by the defendant's conduct." *Am. Legion Post 15 v. Horry Cty.*, 674 S.E.2d 181, 185 (S.C. Ct. App. 2009) (*citing* Wiggins v. Edwards, 442 S.E.2d 169, 171 (S.C. 1994)). "Such inducement may consist either 'of an express representation that the claim will be settled without litigation or conduct that suggests a lawsuit is not necessary.' " *Black v. Lexington Sch. Dist. No. 2*, 488 S.E.2d 327, 330 (S.C. 1997) (quoting *Wiggins v. Edwards*, 442 S.E.2d 169, 171 (S.C. 1994)).

*Bradley v. R.J. Reynolds Tobacco Co., Inc.*, No. 4:22-CV-01244-TLW, 2023 WL 6140185, at *5 (D.S.C. Sept. 20, 2023), *appeal dismissed*, No. 23-7144, 2023 WL 11646677 (4th Cir. Dec. 11, 2023) is instructive. In *Bradley*, the plaintiff sued defendants for injuries he allegedly suffered due to smoking. Plaintiff argued his claims were not time barred due to equitable estoppel. The court disagreed and dismissed the complaint:

> The defendant's inducements must either consist "of an express representation that the claim will be settled without litigation or conduct that suggests a lawsuit is not necessary." Here, Plaintiff asserts that the Defendants "took further steps and unreasonable measures to prevent the American members of the public from knowing the truth [.]" Plaintiff does not assert any *express* representation made by

> the Defendants to him, which would induce him to delay filing this action. There is no allegation that Defendants represented to Plaintiff that his claims would be settled without litigation or that they engaged in conduct which expressly represented to Plaintiff that pursuing his claims in this action would be unnecessary. Accordingly, the Court concludes that the doctrine of equitable estoppel does not apply.

*Id.* at *5 (citations omitted).

Reading all facts in a light most favorable to her, the Court finds that Plaintiff has not alleged plausibly that equitable estoppel applies. Plaintiff alleges, at most, that when Defendant replied to her inquiries, it told her that the claim was "being reviewed" and that "a decision was forthcoming." (Dkt. No. 1-1 at 4). Like in *Bradley*, Plaintiff does not allege Defendant made any "express representations" that induced her to delay filing her action. Nor does Plaintiff allege that Defendant represented it would settle her claims without litigation. *See Black*, 488 S.E.2d at 331 (even "settlement negotiations or statements expressing interest in settlement are insufficient to give rise to a claim that a defendant is equitably estopped from asserting the statute of limitations").

In sum, Plaintiff's invocation of the equitable estoppel doctrine is conclusory—raising only the "sheer possibility that [] Defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (noting that where "a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief' ") (quoting *Twombly*, 550 U.S. at 557). This does not suffice. And because Plaintiff admits in her complaint that the applicable statute of limitations otherwise bars her claims, (Dkt. No. 1-1 at 4), her complaint is subject to dismissal with prejudice.

## Conclusion

For the reasons stated above, the Court **GRANTS** Defendant's motion to dismiss (Dkt. No. 6). Plaintiff's complaint is dismissed with prejudice.

                                               s/ Richard Mark Gergel
                                               Richard Mark Gergel
                                               United States District Judge

August 27, 2025
Charleston, South Carolina